UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA COWIE,

        Plaintiff,                        Civil Case No. 14-13349
                                               Honorable Linda V. Parker

v.

ROBINSON ADULT HOME CARE, INC. and
LOUISE ROBINSON,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER TO THE COMPLAINT

Plaintiff filed this lawsuit against Defendants on August 28, 2014, alleging violations of the Fair Labor Standards Act.  The matter presently is before the Court on Plaintiff's "Motion to Strike Defendant's Answer to the Complaint." (ECF No. 16.)

Plaintiff served a Summons and copy of her Complaint on Defendants on September 9, 2014. (ECF No. 4.)  Defendants, therefore, were required to respond to the Complaint on or before September 24, 2014.  On September 17, 2014, Defendant Louise Robinson ("Mrs. Robinson") filed an Answer on behalf of Defendant Robinson Adult Home Care Inc. ("the Corporation"). (ECF No. 5.)  Because a corporation must appear in federal court through a licensed attorney (*see* ECF No. 6 at 1-2, citing cases), the Court entered an order on September 24, 2014, directing the

Corporation to retain counsel and cause counsel to enter a written appearance in this case by October 20, 2014. (*Id.*) The order stated that the Corporation's failure to follow this directive would result in the Court striking the Answer without further notice. (*Id.* at 2.)

The Corporation did not comply with the Court's directive. On October 5, 2015, following a hearing attended by Mrs. Robinson and counsel for Plaintiff, [1] the Court struck the Corporation's Answer to the Complaint and entered an order requiring Mrs. Robinson to file a responsive pleading to the Complaint on or before November 4, 2015. (ECF No. 10.) The order also directed the Corporation to retain counsel and cause counsel to enter a written appearance by November 4, 2015. (*Id.*).

On November 3, 2015, this Court received and filed documents from Mrs. Robinson which included two letters from Mrs. Robinson addressed to the Court. (ECF No. 15.) These documents are docketed as an Answer by Mrs. Robinson, only. (*Id.*) In one of the letters contained in these documents, Mrs. Robinson states:

> Please be advised that the Plaintiff herein, Ms. Patricia Cowie, was not employed by Robinson Adult Home Care, Inc. Ms. Cowie was employed by Robinwood Specialized Adult Foster Care Home at 21415 Sherman, Southfield, Michigan 48033.
> Ms. Cowie never worked for this company. They are two different companies, under different licenses and different checking accounts.

---

[1] Prior to the October 5, 2015 hearing and before the October 20, 2014 deadline set by the Court for the Corporation to retain counsel, Defendants had filed a motion seeking the appointment of pro bono counsel, which the Court had granted. One purpose of the October 5, 2015 hearing was to inform Defendants that the Court had been unable to secure pro bono counsel willing to represent them.

(*Id.*)  Despite the filing of the documents as an Answer by Mrs. Robinson, Plaintiff filed a request for Clerk's Entry of Default against *all defendants* on November 12, 2015.  (ECF No. 12.)  The Clerk of the Court denied the request on November 12, 2015 because an Answer had been filed by at least one defendant (i.e., Mrs. Robinson) on November 3, 2015.  (ECF No. 13.)  Plaintiff responded by filing the pending motion to strike the Answer.

In the motion, Plaintiff asks the Court to strike "Defendants' Answer to the Complaint[.]"  (ECF No. 16 at 1.)  Plaintiff's motion recites the procedural background of the case, although she incorrectly states that "[Mrs.] Robinson did not file an answer to the complaint by November 4, 2015 as ordered by the Court."  (*Id.* ¶ 11.)  As indicated above, Mrs. Robinson submitted documents, filed November 3, 2015, which were docketed as an Answer to the Complaint.  Plaintiff offers no other reason for striking the Answer.  Her brief in support of the motion puzzlingly states:

> The parties to this action, through their attorneys, in support of the *Stipulated Motion to File an Amended Complaint*, rely upon the reasons set forth in the Motion, and upon the Court's authority to manage its own docket, in support of the Motion.

(*Id.* at 3, emphasis added.)

Plaintiff's failure to even cite the relevant rule[s] in support of her motion should be cause for the Court to deny the requested relief.  In addition, however, Mrs. Robinson in fact did file a timely response to the Complaint and the Court cannot conclude that Mrs. Robinson's assertions in her Answer "ha[ve] no possible relation

to the controversy" or that striking the pleading is "required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953); *see also United States v. Am. Elec. Power Serv. Corp.*, 218 F. Supp.2d 931, 935 (S.D. Ohio 2002); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 (3d ed.2004) ("[T]here appears to be general judicial agreement . . . that [motions to strike] should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice[.]").

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion to Strike Defendant's Answer to the Complaint is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: February 11, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 11, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury  
Case Manager